No. 23-16132

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

WEALTHY, INC., *et al.*

*Plaintiffs- Appellants,*

v.

JOHN MULVEHILL; *et al.*,

*Defendants- Appellees.*

---

On Appeal from the United States District Court
for the District of Nevada
No. 2:21-cv-01173-JCM-EJY, consolidated with
2:22-cv-00740-JCM-EJY
Honorable James C. Mahan, United States District Judge

---

**APPELLANTS' SUPPLEMENTAL BRIEF**

---

| | |
|---|---|
| TAMARA BEATTY PETERSON | JEFFREY VOCKRODT |
| tpeterson@petersonbaker.com | jvockrodt@cm.law |
| NIKKI L. BAKER | CM LAW |
| nbaker@petersonbaker.com | 13101 Preston Road |
| PETERSON BAKER, PLLC | Suite 110-1510 |
| 701 S. 7th Street | Dallas, TX 75240 |
| Las Vegas, NV 89101 | Telephone: 202.615.9886 |
| Telephone: 702.786.1001 | |

*Attorneys for Appellants Wealthy Inc. and Dale Buczkowski*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

    I.    INTRODUCTION ..................................................................... 1

    II.   ARGUMENT ............................................................................ 1

        A.  *Briskin* Establishes that the Second Prong of the *Calder* Effects Test is Met, and that the District Court Erred in Dismissing the Case ................................................................ 1

            1)  Briskin Confirms that the Use of Electronic Means to Enter the Forum State Is a Relevant Contact ..................... 2

            2)  Briskin Overrules AMA as to Differential Targeting ......... 3

            3)  Walden Does not Compel a Different Result ...................... 4

        B.  The Tort Occurred in Nevada ................................................... 5

    III.  CONCLUSION .......................................................................... 5

Form 8. Certificate of Compliance for Briefs ............................................ 6

CERTIFICATE OF SERVICE ................................................................. 8

# TABLE OF AUTHORITIES

**CASES**

*AMA Multimedia, LLC w. Wanat*, 970 F.3d 1201 (9th Cir. 2020) ............ 3

*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) ...................passim

*CCSD v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 213 P.3d 496 (2009) ................................................................................................. 4

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) ....... 4

*Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597 (9th Cir. 2018) ................................................................................ 2

*Walden v. Fiore*, 571 U.S. 277 (2014) ....................................................... 4

**OTHER AUTHORITIES**

Restatement (Second) of Conflict of Laws §36 (1971) ............................. 2

Restatement (Second) of Torts §577 (1977) .............................................. 4

## I. INTRODUCTION

This Court's recent decision in *Briskin v. Shopify* eviscerates Defendants' arguments that the District Court lacked specific personal jurisdiction over them. *Briskin* permits the exercise of specific jurisdiction over a defendant who commits a tort in the forum state, even if that tort was committed by electronic means on its way to "worldwide" availability. *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) (en banc). Further, *Briskin* specifically overrules *AMA Multimedia*, relied upon by Defendants.

## II. ARGUMENT

### A. *Briskin* Establishes that the Second Prong of the *Calder* Effects Test is Met, and that the District Court Erred in Dismissing the Case

While recognizing that the first prong of the *Calder* effects test was met, the district court then misapplied *Calder* in describing Nevada as a mere "transmission conduit". 1-ER-6-7. Defendants argue that Mulvehill did not purposefully direct his statements towards Nevada, and that his intentional act is not "expressly aimed" at the forum state. Defendants/Appellees' Answering Brief [Docket Entry No. 23] ("Answering Brief") at 36. The Ninth Circuit *en banc* decision in *Briskin* completely forecloses Defendants' argument.

### 1) *Briskin Confirms that the Use of Electronic Means to Enter the Forum State Is a Relevant Contact.*

Like the hypothetical pre-internet actor who through deception physically entered a Californian's home to take personal information in *Briskin*, had Mulvehill travelled to Nevada and made a defamatory statement in a conversation to an individual also in Nevada, the Nevada courts would undoubtedly have specific jurisdiction over Defendants. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 602 (9th Cir. 2018) (defendant who travels to Nevada and commits an intentional tort there can be sued in that state, and the first two prongs of the minimum contacts test are satisfied); *see Briskin,* 135 F.4th at 756 (citing Restatement (Second) of Conflict of Laws §36 (1971)). Mulvehill's use of electronic means to enter Nevada does not change the analysis. *Briskin*, 135 F.4th at 756-757. *Briskin* confirms that there is no distinction for personal jurisdiction purposes between physical presence in the state to commit a tortious act and the use of electronic means to commit the tortious act. The "entry . . . by electronic means" is a "relevant contact" with the forum. *Id.*

The District Court acknowledged that Mulvehill was "digitally connected to Cornelia, a Nevada resident", that Mulvehill "recorded

2

videos with him, and made statements to him" and that these videos were made "presumptively while Cornelia himself was present in Nevada." 1-ER-6. Yet, the district court then ignored this digital connection and "relevant contact". *Briskin*, 135 F.4th at 756-757. This Court should reverse the District Court's ruling that it did not have personal jurisdiction over Defendants.

### 2) *Briskin Overrules AMA as to Differential Targeting*

Defendants assert that Mulvehill's statements did not have a "forum-specific focus" with Nevada, and that his statements were made for "worldwide publication" that did not differentiate Nevada from any other location. Answering Brief at 46. *Briskin* rejects this prerequisite for specific personal jurisdiction, and confirms that a "forum-specific focus" or "differential targeting" is not required. *Briskin*, 135 F.4th at 757 (overruling *AMA Multimedia, LLC w. Wanat*, 970 F.3d 1201 (9th Cir. 2020)).

Simply put, *Briskin* confirms longstanding Supreme Court authority that "express aiming" occurs when the contacts are the actor's "own choice and not random, isolated, or fortuitous." *Briskin*, 135 F.4th at 758 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S.

3

351, 359 (2021)). Mulvehill deliberately and intentionally reached out beyond his home in Brazil and under the umbrella of his company to arrange an interview with Cornelia just so that Mulvehill could utter his disparaging and defamatory statements about Plaintiffs. 2-ER-62 to 2-ER-73; 3-ER-275-80; 3-ER-306-307; 4-ER-534 to 4-ER-614. The District Court found that the acts were intentional, and the record supports the same. 1-ER-6; 3-ER-275-280. There is nothing random, isolated, or fortuitous about them.

### *3)* *Walden Does not Compel a Different Result*

Like Shopify's conduct in *Briskin*, Mulvehill's conduct connects him to Nevada "in a meaningful way." *Briskin*, 135 F.4th at 759 (quoting *Walden v. Fiore*, 571 U.S. 277, 290 (2014)). Mulvehill deliberately and intentionally arranged to make statements to Nevada resident Cornelia, so that Cornelia could broadcast the defamatory material to the entire world. *See supra*, §A(2). The tort of defamation occurs when the publication to a third party occurs. *See CCSD v. Virtual Educ. Software, Inc.*, 125 Nev. 374, 385-386, 213 P.3d 496, 503-504 (2009) (defamation requires an unprivileged publication of a false and defamatory statement to a third person); *see also* Restatement (Second) of Torts §577 (1977) ("It

is not necessary that the defamatory matter be communicated to a large or even a substantial group of persons. It is enough that it is communicated to a single individual other than the one defamed.") Unlike the actors in *Walden*, where the plaintiffs themselves were the "only link" between the defendant and the forum state, Mulvehill published the statement to a Nevada resident, who Mulvehill knew was in Nevada at the time.

### B. The Tort Occurred in Nevada

The tort of defamation occurred in Nevada, and Defendants, as the tortfeasors, are connected to the state. When tortious activity occurs in the forum, as it did here, *Briskin* dictates that specific jurisdiction exists. *Briskin*, 135 F.4th at 760; *see also Freestream*, 905 F.3d at 602; Appellants' Opening Brief [Docket Entry No. 9] at 19-20.

### III. CONCLUSION

For the foregoing reasons, the Court should reverse the District Court's dismissal of Plaintiffs' claims for lack of personal jurisdiction, and remand this matter for trial.

Dated this 5th day of June, 2025.

By: /s/ Tamara Beatty Peterson
    TAMARA BEATTY PETERSON (Bar No. 5218)
    PETERSON BAKER, PLLC

5

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number:** 23-16132

I am the attorney or self-represented party.

**This brief contains 921 words,** including zero words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[X] complies with the length limit designated by court order dated April 29, 2025.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Date: June 5, 2025**

**Signature: s/ Tamara Beatty Peterson**
*(use "*s/[typed name]*" to sign electronically-filed documents)*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing APPELLANTS' REPLY BRIEF with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on June 5, 2025.

I further certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

/s/ Julia L. Melnar
on behalf of Peterson Baker, PLLC
