Case No. 23-16132
_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
_____

WEALTHY, INC., et al.,

*Plaintiffs-Appellants*,

v.

JOHN MULVEHILL, et al.,

*Defendants-Appellees*.
_____

On Appeal from the United States District Court
for the District of Nevada
No. 2:21-cv-01173-JCM-EJY, consolidated with
2:22-cv-00740-JCM-EJY
Honorable James C. Mahan, United States District Judge
_____

**APPELLEES' SUPPLEMENTAL BRIEF ADDRESSING THE IMPACT OF**
***BRISKIN V. SHOPIFY, INC.*, 135 F.4TH 739, 752 (9TH CIR. 2025)**
_____

L. Renee Green, Esq.
Marta D. Dunning, Esq.
SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
*Attorneys for Appellees*
*JOHN ANTHONY LIFESTYLE, LLC*
*and JOHN MULVEHILL*

# **Table of Contents**

Table of Authorities………………………………………………………………….. ii

    I.      Introduction…………………………………………………….. 1

    II.     The Shopify Decision Supports a Determination That Appellees Did Not Purposefully Direct Their Alleged Conduct Toward Nevada …………………………………………………………… 2

    III.    The *Shopify* Decision Clarifies that Mulvehill's Alleged Activities Do Not Support a Substantial Connection with Nevada…………………………………………………………. 4

    IV.    The Shopify Decision Supports a Determination That Exercise of Jurisdiction in Nevada is Unreasonable………………………….. 5

Form 8. Certificate of Compliance for Briefs…………………………………….. 6

Certificate of Service…………………………………………………………… 8

# Table of Authorities

*CASES*

*Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025)…………………… passim

*Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997)……………..… 3

*Herbal Brands, Inc. v. Photoplaza*, Inc., 72 F.4th 1085 (9th Cir. 2023)………… 4

*Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011)……….. 4

## I. Introduction.

In this ever-evolving world of technology and electronic communications, this Court recently provided new and controlling analysis on when internet contacts between a defendant and a given forum state are sufficient to demonstrate express aiming at that forum state. *Briskin v. Shopify, Inc.*, 135 F.4th 739, 752 (9th Cir. 2025). There, Shopify allegedly knew and surreptitiously installed tracking software on the phones of unsuspecting Californians to extract their personal information for sale, thereby violating California law. *Id.* at 746. This Court found that the affirmative action of "entering" Californians' devices by installing and controlling cookies on them subjected Shopify to specific jurisdiction in California. *Id.* at 756.

While the analysis and rationale provided by this Court are relevant to the issues in the current case, the facts in Shopify are distinguishable. The interactions between Mulvehill and Nevada do not meet the level of contact established in Shopify, thus supporting the affirmation of the District Court's order.

Specifically, whereas Shopify actively entered California by surreptitiously installing cookies on the devices of California residents, Mulvehill did not enter Nevada or control the direction of publication. Instead, Mulvehill appeared remotely from his home in Brazil for an interview with Spencer Cornelia, a Nevada resident. Vol. I| ER006. The interview was subsequently published on

YouTube, a globally accessible platform to allegedly "disseminat[e] his claims to the far reaches of the digital world." *See id.*

However, simply appearing for an interview that was later posted on an internationally accessible website does not equate to "touching" or "entering" Nevada in the same way that Shopify installed cookies on California residents' phones and transmitted their personal data back to the company. The interview was conducted with Mr. Cornelia and randomly aired on YouTube, making Nevada more like a transmission point rather than the target of the conduct.

For those reasons, as explained in more detail below, the *Shopify* decision demonstrates that specific personal jurisdiction does not exist over Appellees.

## II. The *Shopify* Decision Supports a Determination That Appellees Did Not Purposefully Direct Their Alleged Conduct Toward Nevada.

In *Shopify*, the Ninth Circuit utilized the *Calder* effects test to determine whether Shopify purposefully directed its wrongful conduct toward California. *Id.* at 755-757 (internal citations omitted). To perform this test, the Court considered several facts and allegations, including that Shopify allegedly (1) targeted California consumers to "extract collect, maintain, distribute, and exploit for its own profit" Californians' personal information, *Shopify* at 755, (2) divert customers' payment information to its own servers, *Id.*, and (3) installed software on the California customers' devices without their knowledge or consent. *Id.* at

2

756. Based on these considerations, the Ninth Circuit concluded that Shopify expressly aimed its conduct toward California. *Id.*

While Shopify's actions were clearly aimed at California residents, Mulvehill's allegedly defamatory statements neither targeted nor harmed a Nevada resident. As the Appellees conceded in their Answering Brief, Buczkowski does not reside, own real estate, possess a Nevada driver's license, or is registered to vote in Nevada. Vol. II| FER 036-045. Unlike Shopify, Mulvehill's actions do not establish the necessary contacts with Nevada because he did not select his audience, direct his message to Nevada residents, or install software on devices used by Nevada residents. Instead, the interview with Mulvehill was conducted and later broadcast worldwide. Vol. I| ER006. Mulvehill's only connection to Nevada is that Cornelia happened to be a Nevada resident. Compared to Shopify's conduct, Mulvehill's conduct here is mere happenstance arising out of Mulvehill's appearance for an online interview from Brazil with a Nevada resident.

As the District Court correctly observed, Mulvehill's alleged actions are more akin to "passive nationwide accessibility" aimed at "anyone with access to the internet" rather than Nevada being the focal point of any alleged harm. Vol. I|ER002-009; *see also Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997). As such, the conduct was not purposefully directed toward Nevada under either *Calder* or *Shopify*.

Further, the Ninth Circuit considered several very forum-specific contacts when concluding that Shopify's conduct was not random, isolated, or fortuitous. These contacts include that "Shopify knows about its California consumer base, conducts its regular business in California, contacts California residents, interacts with them as an intermediary for its merchants, installs its software onto their devices in California, and continues to track their activities." *Shopify*, 135 F.4th at 759. None of these types of contacts exist in this case.

In this matter, there is no record demonstrating that the publication targeted Nevada residents, featured advertisements tailored to Nevada, or that Mulvehill had any other contacts with Nevada beyond being interviewed in Brazil by a Nevada resident. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1230 (9th Cir. 2011). The mere fact that this interview was later published on an internationally accessible website is insufficient to establish personal jurisdiction. Most importantly, Mulvehill did not "have control over the ultimate distribution" of the publication. *Herbal Brands, Inc. v. Photoplaza*, Inc., 72 F.4th 1085, 1094 (9th Cir. 2023). As opposed to the forum-specific contacts in *Shopify*, Mulvehill's conduct is random, isolated, and fortuitous.

### III. The *Shopify* Decision Clarifies that Mulvehill's Alleged Activities Do Not Support a Substantial Connection with Nevada.

Mulvehill, a Brazilian resident, allegedly defamed a non-resident of Nevada on an internationally accessible website, which is insufficient to establish personal

jurisdiction in Nevada. The fact that the interviewer happened to be a Nevada resident did not change the alleged harm of the subsequent broadcast of the interview on YouTube. In contrast, Shopify's surreptitious installation and extraction of data on Californians' devices is "the type of contact that would tend to cause privacy injuries" in the forum state. *Shopify*, 135 F.4th at 760.

IV. **The *Shopify* Decision Supports a Determination That Exercise of Jurisdiction in Nevada is Unreasonable.**

In contrast to Shopify, which likely had targeted contacts in all 50 states, exposing it to the jurisdiction of each state, Mulvehill does not have targeted contacts in Nevada. Therefore, asserting jurisdiction there would violate the notions of fair play and substantial justice. *Id.* at 761. Moreover, none of the parties in this appeal is a Nevada resident or entity. There are other more appropriate forums for this litigation. To hold otherwise risks establishing personal jurisdiction everywhere. The facts in this case are distinguishable from those in *Shopify* and justify dismissal based on the lack of specific personal jurisdiction.

Dated: June 5, 2025       Respectfully submitted,

SCHNITZER JOHNSON & WATSON, CHTD.

By:*/s/ L. Renee Green*
         L. RENEE GREEN, ESQ.
         MARTA D. DUNNING, ESQ.
         *Attorneys for Appellees*

         *JOHN ANTHONY LIFESTYLE, LLC
         and JOHN MULVEHILL*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 8. Certificate of Compliance for Briefs**

**9th Cir. Case Number: 23-16132**

I am the attorney or self-represented party.

This brief contains 1055 words, including zero words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief (select only one):

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a cross-appeal brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an amicus brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a death penalty case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because (select only one):

[ ] it is a joint brief submitted by separately represented parties.

[ ] a party or parties are filing a single brief in response to multiple briefs.

[ ] a party or parties are filing a single brief in response to a longer joint brief.

[X] complies with the length limit designated by court order dated April 29, 2025.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

Dated: June 5, 2025    Respectfully submitted,

SCHNITZER JOHNSON & WATSON, CHTD.

By:*/s/ L. Renee Green*
L. RENEE GREEN, ESQ.
MARTA D. DUNNING, ESQ.
8985 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
*Attorneys for Appellees*
*JOHN ANTHONY LIFESTYLE, LLC*
 *and JOHN MULVEHILL*

## Certificate Of Service

I hereby certify that on June 5, 2025, I electronically filed **APPELLEES' SUPPLEMENTAL BRIEF ADDRESSING THE IMPACT OF *BRISKIN V. SHOPIFY, INC.*, 135 F.4TH 739, 752 (9TH CIR. 2025)** to the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

*/s/ Cynthia L. Lowe*
An employee of SCHNITZER JOHNSON & WATSON, CHTD.
